**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **JESSE F. REESE, SR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:08-CV-155-O** |
| | § | |
| **FOUNTAINGATE APARTMENTS,** | § | **ECF** |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION**

Jesse F. Reece, Sr., appearing *pro se* and proceeding *in forma pauperis*, brings this action against Defendant Fountaingate Apartments. Plaintiff seeks jurisdiction in this Court on the basis of Federal Question jurisdiction alleging a violation of civil rights stemming from a broken verbal agreement with agents of Defendant and that he was improperly evicted by Defendant.

I.      Procedural Background

Plaintiff filed his complaint on November 12, 2008, alleging Defendant discriminated against him by evicting him from his apartment. (Compl. at 1). On September 26, 2008, the Court directed Plaintiff to answer a questionnaire designed to provide him with an opportunity to present factual details of the alleged discrimination. (Doc. No. 5). The Court's interrogatories provided Plaintiff with an opportunity to specifically identify who at or affiliated with the Fountaingate Apartments engaged in discriminatory behavior and what statements and acts of discrimination transpired.

Plaintiff filed his response on October 27, 2008. Plaintiff's Response ("Pl's Resp."). (Doc. No. 6). After considering this response, the Court now determines that Plaintiff has failed to present facts that support his allegations against Defendant, and has failed state a claim for relief.

II.      Authority

A district court may dismiss *sua sponte* a complaint filed *in forma pauperis* if it determines

that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i-ii). In determining whether a plaintiff has stated an actionable claim for relief, the complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Martin K. Eby Constr. Co. v. DART*, 369 F.3d 464, 470 (5th Cir. 2004). An action is frivolous if it lacks an arguable basis in either law or fact. *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Bishop v. Lopez*, 2002 U.S. Dist. LEXIS 27365 (W.D. Tex. Jan. 31, 2002); *see also*, *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (responsibility for articulating the facts that give rise to a cognizable claim resides with the plaintiff). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III.    Discussion

In this case, Plaintiff has failed to articulate any facts which, if taken as true, would support a claim of discrimination. *See generally*, Pl's Resp. In his Response filed with the Court, Plaintiff reiterated the facts of the alleged eviction, similar to the facts alleged in his complaint. *See generally*, Pl.'s Resp. However, the court is unable to infer discrimination based on these facts alone. Absent such facts of discrimination, the complaint alleges no other claims that would establish jurisdiction, and without more, Plaintiff cannot establish his claims for relief under federal law.

Plaintiff's Response provides little more than additional conclusory statements. For example, he informs that Court that the he was "denied equal protection," but fails to explain what federal right was being denied him. Pl.'s Resp. at 2. Plaintiff's mere suspicion or belief that he has suffered race-based discrimination is simply insufficient to maintain this action. *See Elliott v. Group*

*Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983) ("a subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief"). Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient when a plaintiff is directed by a court to state the factual basis of a claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). In short, plaintiff's subjective belief that Defendant discriminated against him on the basis of race, without specific facts of race as motivation, is insufficient to maintain a claim of discrimination.

IV.    Conclusion

The Court has provided Plaintiff with a fair opportunity to plead facts sufficient to establish he was discriminated against by Defendant. Plaintiff has failed to do so. Because Plaintiff's complaint lacks an arguable basis in fact after this Court provided him with the opportunity to present additional facts, dismissal is appropriate. *See Bishop,* 2002 U.S. Dist. LEXIS 27365. Additionally, the Court finds that dismissal is appropriate on alternative grounds because Plaintiff can prove no set of facts in support of his claim that would establish Federal Question jurisdiction. Therefore, he has failed to state a claim. *See Conley v. Gibson*, 355 U.S. at 45-46; *see also*, 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that the complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

SO ORDERED this 25th day of November, 2008.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**